**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTINA ELLIE RUPLE** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | 1:24-CV-703 |
| **v.** | § | |
| | § | |
| **BENJAMIN GOLDMAN** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT BENJAMIN GOLDMAN'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Benjamin Goldman ("Goldman") removes this action from the 250th Judicial District of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division.

## I. INTRODUCTION

1. On August 18, 2023, Plaintiff Cristina Ellie Ruple filed Plaintiff's Original Petition and Jury Demand ("Petition"), Cause No. D-1-GN-23-005261 in the 250th Judicial District Court of Travis County, Texas (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), the State Court Docket Sheet is attached hereto as **Exhibit A**, and the List of Attorneys and Parties is attached hereto as **Exhibit B.** Copies of all process, pleadings, orders, and other papers filed in the State Court Action below are attached hereto, marked as composite **Exhibit C** and incorporated herein by reference. Finally, Defendant Goldman's Affidavit is attached as **Exhibit D.**

## II. TIMELINE FOR NOTICE OF REMOVAL

3. Defendant Goldman first became aware of the Petition when he was served by mail to his home address in London, United Kingdom on May 29, 2024. *See* Exhibit D, Goldman Affidavit. Defendant Goldman did not Answer or otherwise make an appearance in the State Court Action. Since no more than thirty days have passed since Defendant Goldman first became aware of the Petition, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

## III. DIVERSITY JURISDICTION BASIS FOR REMOVAL

Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C.§§ 1332(a), 1441(a). Complete diversity exists in this case because Defendant Goldman and Plaintiff are not citizens of the same state, in this instance Texas. Additionally, as claimed by Plaintiff in her Petition, this action involved an amount in controversy that exceeds $75,000, exclusive of interest and costs. Therefore, diversity jurisdiction exists.

### A. Plaintiff Ruple Citizenship

4. Plaintiff Christina Ellie Ruple, as of the date of filing her Petition, is a citizen of the State of Texas, residing in Austin, Texas (address unknown and not stated in the State Court Action. See Exhibit C, Petition ¶ 2.

### B. Defendant Goldman Citizenship

5. Defendant Goldman resides at 62-68 Rosebery Avenue, Flat 1, London, EC1R 4RR London United Kingdom. See Exhibit C, Petition ¶ 2 and Exhibit D, Goldman Affidavit. Defendant Goldman is a foreign citizen of another country, that being the United Kingdom and has never been a permanent resident of the United States. See Exhibit D, Goldman Affidavit.

6. Since Plaintiff is a citizen of the State of Texas, and Defendant Goldman is a citizen of a foreign country (United Kingdom) and has never been a permanent resident of the United

States, complete diversity exists between the Plaintiff and Defendant.   Therefore, removal is appropriate under 28 U.S.C. §§ 1332 and 1441.

**C.  The Amount in Controversy Exceeds $75,000.00.**

7.      When defendants can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.  *See White v. FCI USA, Inc*., 319 F.3d 672, 675 (5th Cir, 2003).  Defendants can meet this burden if it is apparent on the face of the Petition that the claims are likely to exceed $75,000, or alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

8.      Plaintiff's Petition states that she seeks monetary relief in excess of $1,000,000.00 and also states that she seeks exemplary damages.  See Exhibit C, Petition,  ¶ V and VIII.

## IV.    VENUE

9.       This action is properly removed to this Court because the State Court Action is pending within its district and division.  28 U.S.C. §§ 1441, 1446(a); 28 U.S.C. §124(b)(2).

## V.    CONCLUSION

10.      Simultaneous with the filing of this Notice of Removal, Defendant Goldman is filing a copy of the Notice in the 250th Judicial District of Travis County, Texas, pursuant to 28 U.S.C. § 1446(d).

11.      Defendant Goldman will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

12.      Defendant Goldman will promptly file his Civil Cover Sheet (Form JS 44) and Supplement to JS 44 Civil Cover Sheet.

13. Defendant Goldman will promptly file a copy of this Notice of Removal with the Clerk of the Travis County District Court.

THEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1332 and 1441, Defendants hereby give notice that the State Court Action has been removed to this Court.

Respectfully submitted,

**RINEY RONQUILLO SOULE, PLLC**

By: /s/ Andy Soule
**MARCOS RONQUILLO**
Texas State Bar No. 1722600
mgronquillo@rrspllc.com
**ANDREW N. SOULE**
State Bar No. 00797474
asoule@rrspllc.com

Lincoln Centre Two, Suite 220
5420 LBJ Freeway
Dallas, Texas 75240
Tel: 214-461-1204
Fax: 214-461-1210
**ATTORNEY FOR DEFENDANT**

**CERTIFICATE AND NOTICE OF FILING**

I certify that on June 25, 2024 this Notice of Removal was sent to the Clerk of the District Court, Travis County, Texas, and further that written notice of filing of the Notice of Removal was electronically served on counsel for the Plaintiffs.

/s/ Andy Soule
ANDREW SOULE

**CERTIFICATE OF SERVICE**

This is to certify that on this the 25th day of June 2024, a true and correct copy of the Notice of Removal was filed with the Court via CM/ECF and further served on counsel of record for Plaintiff as follows:

Anthony G. Buzbee
Jessica Dent
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com
***Attorneys' for Plaintiff***

/s/ Andy Soule
ANDREW SOULE

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/93ea34a4f771521fb07a11ac59648bc8

## Case Information

# CRISTINA RUPLE vs. BENJAMIN GOLDMAN

D-1-GN-23-005261

Location
Travis County - District Clerk

Case Category
Civil - Injury or Damage

Case Type
Assault/Battery

Case Filed Date
8/18/2023

Judge
250TH, DISTRICT COURT

Case Status
Open (Open)

## Parties 2

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | CRISTINA ELLIE RUPLE | | Anthony Glenn Buzbee |
| Defendant | BENJAMIN GOLDMAN | | |

## Events 2

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 8/18/2023 | Filing | ORIGINAL PETITION/APPLICATION (OCA) | PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND | PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND.pdf |
| 8/18/2023 | Filing | ORIGINAL PETITION/APPLICATION (OCA) | PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND | PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND.pdf |

© 2024 Tyler Technologies, Inc. | All Rights Reserved
Version: 2024.4.0.270

EMPOWERED BY
TYLER TECHNOLOGIES

# LIST OF ATTORNEYS and PARTIES

**RINEY RONQUILLO SOULE, PLLC**

By:___/s/ Andy Soule_____
**MARCOS RONQUILLO**
Texas State Bar No. 1722600
mgronquillo@rrspllc.com
**ANDREW N. SOULE**
State Bar No. 00797474
asoule@rrspllc.com

Lincoln Centre Two, Suite 220
5420 LBJ Freeway
Dallas, Texas 75240
Tel: 214-461-1204
Fax: 214-461-1210
**ATTORNEYS FOR DEFENDANT**
**BENJAMIN GOLDMAN**

**THE BUZBEE LAW FIRM**
*Isl Anthony* G. *Buzbee*
Anthony G. Buzbee
Stale Bar No. 24001820
tbuzbee@txattornevs.com
Jessica Dent
State Bar No. 24121561
jdent@txattorncys.com

600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com
**ATTORNEYS FOR PLAINTIFF**
**CRISTINA ELLIE RUPLE**

8/18/2023 10:56 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-005261
Victoria Benavides

D-1-GN-23-005261

CAUSE NO. ___________

| | | |
|---|---|---|
| CRISTINA ELLIE RUPLE, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | 250TH, DISTRICT COURT |
| | § | _____ JUDICIAL DISTRICT |
| VS. | § | |
| BENJAMIN GOLDMAN, | § | TRAVIS COUNTY, TEXAS |
| *Defendants*. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND**

Plaintiff CRISTINA ELLIE RUPLE, an individual, files this Original Petition against Benjamin Goldman, and, in support of her suit, respectfully shows this Honorable Court the following:

## I. INTRODUCTION

1. Plaintiff Ellie Ruple entered into a dating relationship with Defendant Benjamin Goldman in early 2021. Goldman, the Chief Financial Officer of Heading Health, a mental healthcare provider, initially presented himself as a kind and respectful individual that advocated for mental healthcare. Goldman could not keep up the façade for long, and assaulted Plaintiff on multiple occasions. In his last and most brutal attack, Goldman punched Plaintiff in the face repeatedly. He then falsely imprisoned Plaintiff in his home for days, ignoring her pleas and requests for medical care.

## II. PARTIES

2. Plaintiff is an individual residing in Austin, Texas.

3. Defendant Benjamin Goldman is an individual residing in London, England, and may be served at his home address, 62-68 Rosebery Avenue, Flat 1, London, EC1R 4RR or wherever he may be found.

## III. DISCOVERY PLAN

4. Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

## III. JURISDICTION AND VENUE

5. This Court may exercise subject matter-jurisdiction over this suit because the damages sought by Plaintiff are within the jurisdictional limits of this Court.

6. 5. Venue is proper in Travis County, Texas under Texas Civil Practice & Remedies Code § 15.002 because a substantial part of the acts or omissions giving rise to this claim occurred in Travis County.

## IV. FACTUAL BACKGROUND

7. Plaintiff first met Goldman in November of 2020 at a social gathering. Goldman asked for Plaintiffìs number and she declined. Plaintiff encountered Goldman again at the Fairmont hotel, and Goldman convinced Plaintiff to join him for dinner. At the dinner, Goldman looked at Plaintiff and told her, î Youìre going to be my girlfriend.ï

8. ***Goldmanìs First Assault.*** On March 27, 2021, Goldman physically assaulted Plaintiff for the first time. Plaintiff and Goldman were at a bar celebrating a friendìs birthday when Goldman became heavily intoxicated. Goldman exploded with anger when he saw Plaintiff talking to another guest, screaming at her and calling the guest racial slurs.

9. The host escorted Goldman off premises. Upon arriving at Plaintiffìs hotel room together, Goldman once again became irate and attacked her. Goldman screamed at her, grabbed her and restrained her arms, and began kicking and throwing things around the room.

10. The next morning Goldman told Plaintiff that he would seek regular therapy and join Plaintiff in couples therapy, a lie that he would weaponize repeatedly to convince Plaintiff to endure him. In fact, Goldmanìs pattern of abuse only escalated after the first assault.

11. ***Goldmanìs Second Assault.*** A few weeks later Goldman attacked Plaintiff again at Summit Rooftop and Lounge. Goldman was intoxicated and attempted to initiate a physical fight with strangers. Plaintiff, having seen Goldmanìs intoxicated and violent outbursts, left the bar. Goldman followed Plaintiff out, threw her against a wall, and choked her.

12. The next morning Goldman apologized and ò againò promised Plaintiff that he would seek regular therapy and attend couples therapy with Plaintiff.

13. Instead, Goldmanìs rage became a chronic threat to Plaintiff. Even when Goldman did not physically attack Plaintiff, it was common for him to have violent outbursts wherein he would break and throw nearby objects and scream at Plaintiff. She lived in a constant state of fear of his temper.

14. On multiple occasions, Plaintiff asked Goldman to recommend or provide mental healthcare so that she could recover from the trauma he inflicted. Goldman oscillated between instructing Plaintiff to seek therapy outside of Heading Health, due to his position as C.F.O., and insisting that she work with his therapists because they were superior to any other she considered. Goldman kept Ruple in this limbo, discouraging her from seeking treatment each time she brought it up.

15. ***Goldmanìs Third Assault.*** In May of 2021 Goldman assaulted Plaintiff for a third time. Plaintiff was driving Goldman home from her coworkerìs house because Goldman was intoxicated. A phone rang and Goldman became confused and enraged. Believing that the ringing phone belonged to Plaintiff, Goldman demanded to know who was calling her.

When Plaintiff tried to explain that it was not her phone that was receiving a call, Goldman again grew violent.

16. Goldman grabbed the steering wheel of the car and attempted to swerve the vehicle into oncoming traffic. Plaintiff was ultimately able to regain control of the car and drive home, and she told Goldman that she did not want him to come up to her apartment. Goldman responded by physically attacking her. He grabbed her by the wrist and throat, held her down, and slammed her head into the car window. He then smashed her purse into the dashboard and stole her keys so that she could not enter her apartment.

17. Plaintiff was in pain for days after the attack. Her coworkers remarked upon her bruises, and her friends were afraid to leave her alone as she processed this most recent trauma.

18. ***Goldmanìs Fourth Assault.*** Goldmanìs last and most brutal attack on Plaintiff occurred on August 19, 2021. Goldman was in London and Plaintiff visited him. She discovered that Goldman had not been faithful while he was in London, and Goldman admitted to intercourse with many local sex-workers.

19. The next morning, Goldman attempted to initiate sex with Plaintiff. She repeatedly rejected his advances ò in part because she was experiencing symptoms of a vaginal infection or disease and feared she contracted something as a result of Goldmanìs intercourse with sex workers.

20. Goldman responded to Plaintiffìs refusal to consent by accusing her of îruining the intimacyï and putting his hands over her mouth so the she could not breathe. Goldman then put a blanket around his hand and began punching Plaintiff in the face, busting her nose and smashing her forehead open.

21. Plaintiff pushed Goldman off of her and attempted to run to the bathroom to hide, but Goldman grabbed her and held her on the floor as blood started pouring out of her face. Goldman then grabbed a black t-shirt and roughly wiped up the blood off of her face while he screamed at her, drowning out her pleas to inspect her injuries and clean off the blood from her face in the bathroom.

22. After the assault, Goldman imprisoned Plaintiff in his home. Plaintiff expressed the need for medical treatment for her injuries and what she believed to be a sexually transmitted infection or disease. Goldman told Plaintiff that he she could not leave because he knew she would not come back. He slept next to her luggage located by the front door so that she could not escape. Still, Plaintiff attempted to run away a few times. Each time, Goldman grabbed her and pinned her by her arms.

23. Plaintiff was only able to escape because her mother called the police three days later, and Goldman fled his flat. Goldman ran from law enforcement for days, but was ultimately apprehended. Plaintiff received medical treatment and doctors confirmed that she contracted a sexually transmitted infection from Goldman.

## IV. CAUSES OF ACTION

### A. Count One – Sexual Assault

24. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

25. Goldman intentionally or knowingly caused physical contact with Plaintiff when he knew, and should have known, that Plaintiff would regard such contact as offensive. As a proximate result of the assault, Plaintiff has suffered damages described below. Because Goldmanìs conduct violates Section 22.011(a)(1)(c) of the Texas Penal Code and because

Plaintiffi harm arises as a result of that conduct, Plaintiff seeks exemplary damages, and such damages are not subject to capping.

**B. Count Two – Intentional Infliction of Emotional Distress**

26. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

27. Goldman engaged in conduct that is extreme and outrageous so as to exceed the bounds of decency in a civilized society, particularly, but not limited to, when he repeatedly violently attacked her. Because Goldmanìs conduct violates Section 20.02(a)(1)(c) of the Texas Penal Code and because Plaintiffi harm arises as a result of that conduct, Plaintiff seeks exemplary damages, and such damages are not subject to capping.

**C. Count Three – False Imprisonment**

28. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

29. Defendant willfully detained Plaintiff by holding her in his house for days and physically stopping her each time she tried to leave.

30. Plaintiff did not consent to the detention. Plaintiff was in need of medical attention and desperate to escape her abuser. Defendant had no legal authority or justification to detain Plaintiff, and is not entitled any privileges that could allow a party the limited privilege of detaining somebody.

31. Defendant's wrongful acts resulted in the damages described herein, including but not limited to actual damages and exemplary damages that are not subject to capping. Accordingly, Plaintiff seeks all available damages within jurisdictional limits of the court.

## V. DAMAGES

As a direct and proximate result of Defendants' acts and omissions described above, Plaintiff has incurred the following damages:

a. Conscious physical and mental pain and suffering, and anguish, past and future;

b. Loss of enjoyment of life and peace of mind, past and future;

c. Reasonable and necessary medical, counseling, psychiatric, therapeutic and related expenses, past and future;

d. Such other damages that will be shown at trial.

Plaintiff seeks any and all damages to which she may be entitled. Plaintiff also seeks exemplary damages in an amount within the jurisdictional limits of the Court.

## VI. NOTICE OF INENT TO USE DISCOVERY AT TRIAL

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that she intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendant has produced in response to Plaintiff's written discovery requests.

## VII. REQUEST FOR JURY TRIAL

Plaintiff made a good faith effort to resolve this matter prior to the filing of this lawsuit. Plaintiff respectfully demands a jury trial and tenders the appropriate fee.

## VIII. REQUEST FOR JURY TRIAL

Pursuant to Texas Rule of Civil Procedure 47, Plaintiff gives notice that she seeks monetary relief in excess of $1,000,000 and demand judgment for all other relief to which they may deem herself to be justly entitled. In compliance with Texas Civil Practice & Remedies Code § 74.053, this Petition does not specify an amount of money claimed as damages in this suit.

## IX. PRAYER

For the aforementioned reasons, Plaintiff prays for judgment against Defendants for actual damages, exemplary damages, pre- and post-judgment interest as allowed by law, all costs

of Court; and all such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE BUZBEE LAW FIRM

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Jessica Dent
State Bar No. 24121561
jdent@txattorneys.com
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com
**Attorneys for Plaintiff Alyssa Stills**

CITATION
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-23-005261**

CRISTINA ELLIE RUPLE
, PLAINTIFF(S)
vs.
BENJAMIN GOLDMAN
, DEFENDANT(S)

TO: **BENJAMIN GOLDMAN**
**62-68 ROSEBERY AVE FLAT 1**
**EC1R 4RR**
**OR WHEREVER HE MAY BE FOUND**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND** in the above styled and numbered cause, which was filed on **AUGUST 18, 2023** in the **250TH DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **SEPTEMBER 14, 2023**

REQUESTED BY:
**ANTHONY GLENN BUZBEE**
**600 Travis St Ste 7300**
**Houston, TX 77002-3004**

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street | P.O. Box 679003 (78767)
Austin TX 78701

**Victoria Benavides, Deputy**

RETURN

Came to hand on the _____ day of ________________, ________ at ________ o'clock ____M., and executed at ____________________________________________ within the County of ____________________ on the _____ day of ________________, ________, at ________ o'clock ____M., by delivering to the within named ____________________________________________, each in person, a true copy of this citation together with the **PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ ________

________________________________
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the
_____ day of ______________, ________.

By:________________________________

________________________________
Printed Name of Server

________________________ County, Texas

________________________________
Notary Public, THE STATE OF TEXAS
**D-1-GN-23-005261**

**SERVICE FEE NOT PAID**

KP 2024 000108

zuzustellen - to be served
á signifier - da notificara

# SUMMARY OF THE DOCUMENT TO BE SERVED
## ÉLÉMENTS ESSENTIELS DE L'ACTE

**Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).**
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:**<br>Nom et adresse de l'autorité requérante : | 3. Jessica Dent<br>The Buzbee Law Firm<br>600 Travis, Suite 7500<br>Houston, TX 77072<br>713-223-5393<br>jdent@txattorneys.com |
| **Particulars of the parties*:**<br>Identité des parties* : | **4. Jessica Dent Attorney for Cristina Ellie Ruple**<br>**The Buzbee Law Firm**<br>**600 Travis, Suite 7500**<br>**Houston, TX 77072**<br>**713-223-5393**<br>**jdent@txattorneys.com**<br><br>**Benjamin Goldman**<br>**62-68 Rosebery Ave, Flart 1**<br>**London, EC1R 4RR**<br><br>**Phil Smith Attorney for Benjamin Goldman**<br>**Simons Buirhead Burton**<br>**87-91 Newman Street**<br>**London W1T 3EY**<br>**civil.secretaries@smab.co.uk** |

* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☐ **JUDICIAL DOCUMENT****
ACTE JUDICIAIRE**

| | |
|---|---|
| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 5. Petition and Citations of a Civil Lawsuit |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:**<br>Nature et objet de l'instance, le cas échéant, le montant du litige : | 6. Civil lawsuit alleging assault |
| **Date and Place for entering appearance**:**<br>Date et lieu de la comparution** : | 7. N/A |
| **Court which has given judgment**:**<br>Juridiction qui a rendu la décision** : | 8. N/A |
| **Date of judgment**:**<br>Date de la décision** : | 9. N/A |
| **Time limits stated in the document**:**<br>Indication des délais figurant dans l'acte** : | 10. N/A |

** if appropriate / s'il y a lieu

☐ **EXTRAJUDICIAL DOCUMENT****
ACTE EXTRAJUDICIAIRE**

# WARNING
AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
Benjamin Goldman
62-68 Rosebery Ave, Flart 1
London, EC1R 4RR

Phil Smith Attorney for Benjamin Goldman
Simons Buirhead Burton
87-91 Newman Street
London W1T 3EY
civil.secretaries@smab.co.uk

**IMPORTANT**

**THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.**

**IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.**

**ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:**

TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

2. Jessica Dent
The Buzbee Law Firm
600 Travis, Suite 7500
Houston, TX 77072
713-223-5393
jdent@txattorneys.com

**It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.**

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 11. Service of a Civil Lawsuit |
|---|---|
| **Time-limits stated in the document**:**<br>Indication des délais figurant dans l'acte** : | 12. N/A |

** if appropriate / s'il y a lieu



# AFFIDAVIT

**CITY OF LONDON**

**ISLINGTON BOROUGH**

**LONDON, UNITED KINGDOM**

Before me, the undersigned notary, on this day personally appeared the affiant Benjamin Goldman whose identity is known to me. After I administered an oath, **affiant** testified as follows:

My name is Benjamin Goldman. I am over 18 years-old of sound mind and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am not a resident of Texas. Nor am I a United States citizen. I reside at 62-68 Rosebery Avenue, Flat 1, London, EC1R 4RR United Kingdom and I am a citizen of the United Kingdom. I have never been lawfully admitted for permanent residence in the United States.

On May 29, 2024, I retrieved an envelope from my home mailbox addressed to me at my home address with a stamp from the Clerkenwell and Shoreditch County Court. Inside that envelope was Plaintiff's Original Petition and Jury Demand and a cover sheet titled *Summary of Document to be Served.* I check my mailbox daily and this was my first notice of the Plaintiff Petition. The Envelope and Plaintiff's Original Petition and Jury Demand and the cover sheet titled *Summary of Document to be Served* that I received are attached as an Exhibit to my Affidavit.

...............................

Benjamin Goldman

Sworn to and subscribed before me at 38 Wigmore Street London, W1U 2RU, England, United Kingdom by: Benjamin Goldman on June 24th 2024

.......................

Notary Public
Mark Franklyn Barnett
Notary Public
England and Wales

38 Wigmore St
London W1U 2RU,England,
United Kingdom

Mark Barnett Notary Public

13/06/24

MARK FRANKLYN BARNETT

NOTARY PUBLIC, ENGLAND AND WALE

38 WIGMORE STREET
LONDON W1U 2RU
ENGLAND, UNITED KINGDOM

KF-2024-000168

zuzustellen - to be served
á signifier - da notificara

# SUMMARY OF THE DOCUMENT TO BE SERVED
ÉLÉMENTS ESSENTIELS DE L'ACTE

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965 (Article 5, fourth paragraph).
Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).

| | |
|---|---|
| **Name and address of the requesting authority:** Nom et adresse de l'autorité requérante : | 3. Jessica Dent<br>The Buzbee Law Firm<br>600 Travis, Suite 7500<br>Houston, TX 77072<br>713-223-5393<br>jdent@txattorneys.com |
| **Particulars of the parties*:** Identité des parties* : | 4. Jessica Dent Attorney for Cristina Ellie Ruple<br>The Buzbee Law Firm<br>600 Travis, Suite 7500<br>Houston, TX 77072<br>713-223-5393<br>jdent@txattorneys.com<br><br>Benjamin Goldman<br>62-68 Rosebery Ave, Flart 1<br>London, EC1R 4RR<br><br>Phil Smith Attorney for Benjamin Goldman<br>Simons Buirhead Burton<br>87-91 Newman Street<br>London W1T 3EY<br>civil.secretaries@smab.co.uk |

* If appropriate, identity and address of the person interested in the transmission of the document
S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte

☐ JUDICIAL DOCUMENT**
ACTE JUDICIAIRE**

| | |
|---|---|
| **Nature and purpose of the document:** Nature et objet de l'acte : | 5. Petition and Citations of a Civil Lawsuit |
| **Nature and purpose of the proceedings and, when appropriate, the amount in dispute:** Nature et objet de l'instance, le cas échéant, le montant du litige : | 6. Civil lawsuit alleging assault |
| **Date and Place for entering appearance**:** Date et lieu de la comparution** : | 7. N/A |
| **Court which has given judgment**:** Juridiction qui a rendu la décision** : | 8. N/A |
| **Date of judgment**:** Date de la décision** : | 9. N/A |
| **Time limits stated in the document**:** Indication des délais figurant dans l'acte** : | 10. N/A |

** If appropriate / s'il y a lieu

☐ EXTRAJUDICIAL DOCUMENT**
ACTE EXTRAJUDICIAIRE**

Permanent Bureau July 2017

M. Barnett Notary Public

Exhibit D - Page 2

BG

# WARNING

AVERTISSEMENT

**Identity and address of the addressee**
Identité et adresse du destinataire
Benjamin Goldman
62-68 Rosebery Ave, Flart 1
London, EC1R 4RR

Phil Smith Attorney for Benjamin Goldman
Simons Buirhead Burton
87-91 Newman Street
London W1T 3EY
civil.secretaries@smab.co.uk

## IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

## TRÈS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE, SOIT DANS VOTRE PAYS, SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :

2. Jessica Dent
The Buzbee Law Firm
600 Travis, Suite 7500
Houston, TX 77072
713-223-5393
jdent@txattorneys.com

It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis, soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.

| **Nature and purpose of the document:**<br>Nature et objet de l'acte : | 11. Service of a Civil Lawsuit |
|---|---|
| **Time-limits stated in the document**:**<br>Indication des délais figurant dans l'acte** : | 12. N/A |

** if appropriate / s'il y a lieu

CITATION
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-23-005261**

CRISTINA ELLIE RUPLE

, PLAINTIFF(S)

vs.

BENJAMIN GOLDMAN

, DEFENDANT(S)

TO: **BENJAMIN GOLDMAN**
**62-68 ROSEBERY AVE FLAT 1**
**EC1R 4RR**
**OR WHEREVER HE MAY BE FOUND**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND** in the above styled and numbered cause, which was filed on **AUGUST 18, 2023** in the **250TH DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **SEPTEMBER 14, 2023**

REQUESTED BY:
**ANTHONY GLENN BUZBEE**
**600 Travis St Ste 7300**
**Houston, TX 77002-3004**

**Velva L Price**
**Travis County District Clerk**
**Civil Family Court Facility (CFCF)**
**1700 Guadalupe Street, P.O. Box 679003 (78767)**
**Austin TX 78701**

**Victoria Benavides, Deputy**

RETURN

Came to hand on the _____ day of _______________, ________ at ________ o'clock ____M., and executed at ______________________________ within the County of ____________________ on the _____ day of _______________, ________, at ________ o'clock ____M., by delivering to the within named ______________________________, each in person, a true copy of this citation together with the **PLAINTIFFS ORIGINAL PETITION AND JURY DEMAND** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ ________

______________________________
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the _____ day of _______________, ________.

By:______________________________

______________________________
Printed Name of Server

______________________________ County, Texas

______________________________
Notary Public, THE STATE OF TEXAS
**D-1-GN-23-005261**

**SERVICE FEE NOT PAID**

BG

8/18/2023 10:56 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-005261
Victoria Benavides

D-1-GN-23-005261

CAUSE NO. ____________

| | | |
|---|---|---|
| CRISTINA ELLIE RUPLE, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | 250TH, DISTRICT COURT |
| | § | _____ JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| BENJAMIN GOLDMAN, | § | TRAVIS COUNTY, TEXAS |
| | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |
| | § | |

**PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND**

Plaintiff CRISTINA ELLIE RUPLE, an individual, files this Original Petition against Benjamin Goldman, and, in support of her suit, respectfully shows this Honorable Court the following:

## I. INTRODUCTION

1. Plaintiff Ellie Ruple entered into a dating relationship with Defendant Benjamin Goldman in early 2021. Goldman, the Chief Financial Officer of Heading Health, a mental healthcare provider, initially presented himself as a kind and respectful individual that advocated for mental healthcare. Goldman could not keep up the façade for long, and assaulted Plaintiff on multiple occasions. In his last and most brutal attack, Goldman punched Plaintiff in the face repeatedly. He then falsely imprisoned Plaintiff in his home for days, ignoring her pleas and requests for medical care.

## II. PARTIES

2. Plaintiff is an individual residing in Austin, Texas.

BG

3. Defendant Benjamin Goldman is an individual residing in London, England, and may be served at his home address, 62-68 Rosebery Avenue, Flat 1, London, EC1R 4RR or wherever he may be found.

## III. DISCOVERY PLAN

4. Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

## III. JURISDICTION AND VENUE

5. This Court may exercise subject matter-jurisdiction over this suit because the damages sought by Plaintiff are within the jurisdictional limits of this Court.

6. 5. Venue is proper in Travis County, Texas under Texas Civil Practice & Remedies Code § 15.002 because a substantial part of the acts or omissions giving rise to this claim occurred in Travis County.

## IV. FACTUAL BACKGROUND

7. Plaintiff first met Goldman in November of 2020 at a social gathering. Goldman asked for Plaintiffìs number and she declined. Plaintiff encountered Goldman again at the Fairmont hotel, and Goldman convinced Plaintiff to join him for dinner. At the dinner, Goldman looked at Plaintiff and told her, î Youìre going to be my girlfriend.ï

8. ***Goldmanìs First Assault.*** On March 27, 2021, Goldman physically assaulted Plaintiff for the first time. Plaintiff and Goldman were at a bar celebrating a friendìs birthday when Goldman became heavily intoxicated. Goldman exploded with anger when he saw Plaintiff talking to another guest, screaming at her and calling the guest racial slurs.

9. The host escorted Goldman off premises. Upon arriving at Plaintiffìs hotel room together, Goldman once again became irate and attacked her. Goldman screamed at her, grabbed her and restrained her arms, and began kicking and throwing things around the room.

Notary Public

BG

10. The next morning Goldman told Plaintiff that he would seek regular therapy and join Plaintiff in couples therapy, a lie that he would weaponize repeatedly to convince Plaintiff to endure him. In fact, Goldmanls pattern of abuse only escalated after the first assault.

11. ***Goldmanls Second Assault.*** A few weeks later Goldman attacked Plaintiff again at Summit Rooftop and Lounge. Goldman was intoxicated and attempted to initiate a physical fight with strangers. Plaintiff, having seen Goldmanls intoxicated and violent outbursts, left the bar. Goldman followed Plaintiff out, threw her against a wall, and choked her.

12. The next morning Goldman apologized and ò againò promised Plaintiff that he would seek regular therapy and attend couples therapy with Plaintiff.

13. Instead, Goldmanls rage became a chronic threat to Plaintiff. Even when Goldman did not physically attack Plaintiff, it was common for him to have violent outbursts wherein he would break and throw nearby objects and scream at Plaintiff. She lived in a constant state of fear of his temper.

14. On multiple occasions, Plaintiff asked Goldman to recommend or provide mental healthcare so that she could recover from the trauma he inflicted. Goldman oscillated between instructing Plaintiff to seek therapy outside of Heading Health, due to his position as C.F.O., and insisting that she work with his therapists because they were superior to any other she considered. Goldman kept Ruple in this limbo, discouraging her from seeking treatment each time she brought it up.

15. ***Goldmanls Third Assault.*** In May of 2021 Goldman assaulted Plaintiff for a third time. Plaintiff was driving Goldman home from her coworkerls house because Goldman was intoxicated. A phone rang and Goldman became confused and enraged. Believing that the ringing phone belonged to Plaintiff, Goldman demanded to know who was calling her.

BG



When Plaintiff tried to explain that it was not her phone that was receiving a call, Goldman again grew violent.

16. Goldman grabbed the steering wheel of the car and attempted to swerve the vehicle into oncoming traffic. Plaintiff was ultimately able to regain control of the car and drive home, and she told Goldman that she did not want him to come up to her apartment. Goldman responded by physically attacking her. He grabbed her by the wrist and throat, held her down, and slammed her head into the car window. He then smashed her purse into the dashboard and stole her keys so that she could not enter her apartment.

17. Plaintiff was in pain for days after the attack. Her coworkers remarked upon her bruises, and her friends were afraid to leave her alone as she processed this most recent trauma.

18. ***Goldmanìs Fourth Assault.*** Goldmanìs last and most brutal attack on Plaintiff occurred on August 19, 2021. Goldman was in London and Plaintiff visited him. She discovered that Goldman had not been faithful while he was in London, and Goldman admitted to intercourse with many local sex-workers.

19. The next morning, Goldman attempted to initiate sex with Plaintiff. She repeatedly rejected his advances ò in part because she was experiencing symptoms of a vaginal infection or disease and feared she contracted something as a result of Goldmanìs intercourse with sex workers.

20. Goldman responded to Plaintiffìs refusal to consent by accusing her of îruining the intimacyï and putting his hands over her mouth so the she could not breathe. Goldman then put a blanket around his hand and began punching Plaintiff in the face, busting her nose and smashing her forehead open.

BG

21. Plaintiff pushed Goldman off of her and attempted to run to the bathroom to hide, but Goldman grabbed her and held her on the floor as blood started pouring out of her face. Goldman then grabbed a black t-shirt and roughly wiped up the blood off of her face while he screamed at her, drowning out her pleas to inspect her injuries and clean off the blood from her face in the bathroom.

22. After the assault, Goldman imprisoned Plaintiff in his home. Plaintiff expressed the need for medical treatment for her injuries and what she believed to be a sexually transmitted infection or disease. Goldman told Plaintiff that he she could not leave because he knew she would not come back. He slept next to her luggage located by the front door so that she could not escape. Still, Plaintiff attempted to run away a few times. Each time, Goldman grabbed her and pinned her by her arms.

23. Plaintiff was only able to escape because her mother called the police three days later, and Goldman fled his flat. Goldman ran from law enforcement for days, but was ultimately apprehended. Plaintiff received medical treatment and doctors confirmed that she contracted a sexually transmitted infection from Goldman.

## IV. CAUSES OF ACTION

### A. Count One – Sexual Assault

24. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

25. Goldman intentionally or knowingly caused physical contact with Plaintiff when he knew, and should have known, that Plaintiff would regard such contact as offensive. As a proximate result of the assault, Plaintiff has suffered damages described below. Because Goldmanis conduct violates Section 22.011(a)(1)(c) of the Texas Penal Code and because

BG

Plaintiffi harm arises as a result of that conduct, Plaintiff seeks exemplary damages, and such damages are not subject to capping.

B. **Count Two – Intentional Infliction of Emotional Distress**

26. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

27. Goldman engaged in conduct that is extreme and outrageous so as to exceed the bounds of decency in a civilized society, particularly, but not limited to, when he repeatedly violently attacked her. Because Goldmanls conduct violates Section 20.02(a)(1)(c) of the Texas Penal Code and because Plaintiffi harm arises as a result of that conduct, Plaintiff seeks exemplary damages, and such damages are not subject to capping.

C. **Count Three – False Imprisonment**

28. Plaintiff re-alleges each aforementioned allegation as if fully incorporated below.

29. Defendant willfully detained Plaintiff by holding her in his house for days and physically stopping her each time she tried to leave.

30. Plaintiff did not consent to the detention. Plaintiff was in need of medical attention and desperate to escape her abuser. Defendant had no legal authority or justification to detain Plaintiff, and is not entitled any privileges that could allow a party the limited privilege of detaining somebody.

31. Defendant's wrongful acts resulted in the damages described herein, including but not limited to actual damages and exemplary damages that are not subject to capping. Accordingly, Plaintiff seeks all available damages within jurisdictional limits of the court.

## V. DAMAGES

As a direct and proximate result of Defendants' acts and omissions described above, Plaintiff has incurred the following damages:

a. Conscious physical and mental pain and suffering, and anguish, past and future;

Notary Public

BG

b. Loss of enjoyment of life and peace of mind, past and future;

c. Reasonable and necessary medical, counseling, psychiatric, therapeutic and related expenses, past and future;

d. Such other damages that will be shown at trial.

Plaintiff seeks any and all damages to which she may be entitled. Plaintiff also seeks exemplary damages in an amount within the jurisdictional limits of the Court.

## VI. NOTICE OF INENT TO USE DISCOVERY AT TRIAL

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that she intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendant has produced in response to Plaintiff's written discovery requests.

## VII. REQUEST FOR JURY TRIAL

Plaintiff made a good faith effort to resolve this matter prior to the filing of this lawsuit. Plaintiff respectfully demands a jury trial and tenders the appropriate fee.

## VIII. REQUEST FOR JURY TRIAL

Pursuant to Texas Rule of Civil Procedure 47, Plaintiff gives notice that she seeks monetary relief in excess of $1,000,000 and demand judgment for all other relief to which they may deem herself to be justly entitled. In compliance with Texas Civil Practice & Remedies Code § 74.053, this Petition does not specify an amount of money claimed as damages in this suit.

## IX. PRAYER

For the aforementioned reasons, Plaintiff prays for judgment against Defendants for actual damages, exemplary damages, pre- and post-judgment interest as allowed by law, all costs

BG

of Court; and all such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE BUZBEE LAW FIRM

By: */s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Jessica Dent
State Bar No. 24121561
jdent@txattorneys.com
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com
**Attorneys for Plaintiff**
**Alyssa Stills**

BG



CLERKENWELL & SHOREDITCH
COUNTY COURT

Benjamin Goldman
FLAT 1, 62-68 Rosebery Ave
London
EC1R 4RR

Notary Public
Mark Barnett

B9

Exhibit D - Page 14